Valentina     SALAZAR–VILLALOBOS; Alvaro     Arturo     Alvarez–Villalobos; Gloria Herlinda Alverez–Salazar, Petitioners,

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–71271.
Agency Nos. A75–514–678, A76–715–220, A76–715–221.

United States Court of Appeals, Ninth Circuit.

Submitted April 12, 2004.*

Decided April 23, 2004.

Valentina Salazar–Villalobos, Los Angeles, CA, pro se.

Alvaro Arturo Alvarez–Villalobos, Los Angeles, CA, pro se.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

Gloria Herlinda Alverez–Salazar, Los Angeles, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carl H. McIntyre, Jr., Nancy E. Friedman, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, O'SCANNLAIN, and RYMER, Circuit Judges.

MEMORANDUM**

Valentina Salazar–Villalobos and her two minor children ("petitioners"), natives and citizens of Guatemala, petition pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an immigration judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition for review.

In the absence of a specific finding to the contrary, we assume that Valentina testified credibly at the asylum hearing. *See Kataria v. INS*, 232 F.3d 1107, 1113 (9th Cir.2000). Nonetheless, her testimony does not compel the conclusion that she established past persecution or a well-founded fear of future persecution on account of political opinion or imputed political opinion. *See id.* at 1113 ("To prevail [on a petition for review], the applicant must show that the evidence not only supports, but compels the conclusion that the asylum decision was incorrect.").

By failing to qualify for asylum, petitioners necessarily fail to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioners' challenge to the BIA's streamlining process is foreclosed by *Falcon Carriche v. Ashcroft*, 350 F.3d 845, 849–51 (9th Cir.2003) (holding that the BIA's streamlining procedure does not compromise appellate review because the IJ's decision becomes the final agency action subject to direct review by the Court of Appeals).

Pursuant to *Desta v. Ashcroft*, 365 F.3d 741 (9th Cir.2004), petitioner's motion for stay of removal included a timely request for stay of voluntary departure. Because the motion for stay of removal was granted, or continued based on the government's filing of a notice of non-opposition, the voluntary departure period was also stayed, *nunc pro tunc*, to the filing of the motion for stay of removal, and this stay will expire upon issuance of the mandate.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.